ANICETO CEIDE GONZÁLEZ, Plaintiff and Appellee, *v.* JUAN SUÁREZ PELEGRINA ET UX., Defendants and Appellants.

No. 6863. Argued February 18, 1936.—Decided February 28, 1936.

*García Méndez & García Méndez* for appellants. *Augusto Reichard* and *Rafael O. Fernández* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Aniceto Ceide González is the complainant in this case, and Juan Suárez Pelegrina and Adela Alfonso Villanueva,

husband and wife, are the defendants. The complaint sets up:

"II. That in deed No. 111, executed in this town on September 30, 1931, before notary Francisco A. González Suárez, defendants Juan Suárez Pelegrina and Adela Alfonso Villanueva acknowledged to be indebted to the plaintiff in the sum of $4,598 which they promised to pay to him on September 20, 1936, with interest thereon at 12% annually."

Complaint goes on to recite that the obligation has matured and has not been paid.

By virtue of this ordinary complaint the plaintiff proceeded to attach various pieces of property belonging to the defendants. Unquestionably the form of the action was an ordinary one to recover a debt.

The defendants answered and set up that deed No. 111, *supra,* was for a mortgage and they maintained that the plaintiff was limited to a proceeding strictly under the Mortgage Law; that the choice of a mortgage creditor to recover a debt by either the summary foreclosure proceeding or by an ordinary suit under the Code of Civil Procedure was destroyed by Law No. 69 of 1931; and that even if the present action could be brought, the plaintiff was bound to proceed first against the mortgaged property.

The District Court of Aguadilla held that the plaintiff had a right to begin an ordinary proceeding to recover the debt without regard to whether it was secured by a mortgage or not. The judge made the following citation from Escriche, *Diccionario Razonado de Legislación y Jurisprudencia,* page 52:

"A personal action is that which accrues to a person upon requiring another person to perform an obligation arising either from a contract, or a quasi-contract, or a nude pact, or from delicts, or quasi-delicts. It is called personal because it arises from a purely personal obligation. Thus, it only lies as against an obligor or his heir but not against a third person in possession. The plaintiff seeks to have the defendant adjudged to give or to do that which the latter promised to give or to do, or to pay damages if he could

not give or do; therefore, he must prove the obligation by virtue of which he sues and that the said obligation was not performed by the defendant.''

In effect, the court held that when a mortgage is given the creditor has both a real and a personal action and that he can elect to follow either, and this is our own opinion.

The Mortgage Law perhaps only specifically refers to a recovery under the summary process therein defined, but we have held. in a number of cases that a creditor nevertheless has the right to pursue an ordinary remedy in foreclosure of a mortgage. *Montes de Oca* v. *Báez et al.*, 23 P.R.R. 656; *Hermanitas de los Ancianos,* etc. v. *Piñero*, 45 P.R.R. 591. We held so despite the positive provisions of the Mortgage Law with regard to the summary process.

██ A mortgage necessarily is a subsidiary contract to secure the performance of a primary obligation, and therefore a creditor does not have to rely on his security, but may proceed to recover the debt in an ordinary action as in this case. We may repeat that a creditor does not have to rely on his security.

The appellants, however, insist that up to 1931 a creditor could elect between the summary process of the Mortgage Law and an ordinary suit to foreclose a mortgage. Appellants maintain that all this was changed by Act No. 69 of 1931. Now, the effect of that act was to restore section 127 of the Mortgage Law to the same state that it was before 1905 when the proceeding known as *"Vía de apremio"* was altered. See *Giménez et al.* v. *Brenes*, 10 P.R.R. 124 and *Porto Rico Leaf Tobacco* v. *Aldrey*, 13 P.R.R. 228. A reading of some of the cases already cited will show that our reasons for holding that an ordinary suit to foreclose a mortgage could be exercised did not depend upon the suppresion of section 127 of the Mortgage Law. The Act of 1931, which restored this section, reads as follows:

''Section 1.—Article 127 of the Mortgage Law in force, is hereby amended to read as follows:

" 'The mortgage deed shall state the value at which the contracting parties appraise the estate, in order that it may serve as a basis for the first public sale which may be made, in the event that, the term of the loan having expired, the registry of the property does not show the payment of said loan.

" 'Should the first public sale fail to produce an award or adjudication, two-thirds of the value at which the contracting parties appraise the estate shall serve as a basis for the second public sale, but when said two-thirds part do not exceed the amount of preferred liabilities, such amount shall be the minimum limit of admissible bids.

" 'Should there be no award or adjudication at the second public sale, the basis for such other sales as may be held shall be the total amount of the preferred credits.'

"Section 2.—The provisions of the Act of March 9, 1905, relative to judgments and the satisfaction thereof, so far as they conflict with the provisions of article 127 of the Mortgage Law as amended by the preceding article, and all other laws or parts of laws in conflict herewith, are hereby repealed.

"Section 3.—This Act shall take effect ninety days after its approval."

Reading it with great care we do not see anything in its language which would deprive a creditor of his right to abandon, temporarily or permanently, his security and sue on the principal obligation. The language refers, we think, principally to the summary proceeding, or perhaps in some measure to the ordinary suit in foreclosure but places no limit on the right of a creditor to disregard his security and sue on the principal obligation.

■ It follows that when a man brings a suit on a primary obligation he may attach any property belonging to the debtor and is not obliged first to resort to his security. Whether or not he could subsequently rely on the security is a matter not before us and need not be decided.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison concurs in the result.

Mr. Justice Córdova Dávila took no part in the decision of this case.